**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:   DARRIS T. COOK,  :  | |
|   : | Chapter 7 |
|   Debtor.  : | |
|   : | Bky. No.  13-15986 ELF |
|   : | |
|   : | |
| **DARRIS T. COOK,**  : | |
|   : | |
|   Plaintiff,  : | |
|   : | |
|   v.  : | |
|   : | Adv. No. 14-0345 ELF |
| **CAMDEN CITY MUNICIPAL COURT/**  : | |
| **PENN CREDIT, et al.,**  : | |
|   : | |
|   Defendants.  : | |
|   : | |

# M E M O R A N D U M

## I.  Introduction

Darris T. Cook ("the Debtor"), acting pro se, filed this adversary proceeding seeking to enforce his chapter 7 discharge against several governmental entities.  Before the court is the motion to dismiss the complaint ("the Motion") filed by the City of Camden ("the City").  For the reasons set out below, the Motion will be granted and judgment will be entered in favor of the City and against the Debtor.

## II.  Background

The Debtor filed a chapter 7 bankruptcy case in this court on July 5, 2013.  In his Schedule F, he listed thirteen (13) creditors and debts totaling $13,658.00.  (He listed no debts in

-1-

Schedules D or E). Some of the creditors in Schedule F were listed with addresses; some were not.

For purposes of this adversary proceeding, the relevant disclosures in Schedule F were the following:

| Creditor Name and Address | Date Claim Was Incurred | Disputed | Amount of Claim |
|---|---|---|---|
| Cherry Hill Township, NJ 08002 820 Mercer St. | 2009 | X | 976.00 |
| Laurel Springs Township, NJ | 2009 | X | 1,441.00 |
| Camden, NJ 08103 101 S 5th Street | 09/2006 | X | 500.00 |

The bankruptcy case was administered as a no-asset case[1] and the Debtor received a chapter 7 discharge on October 28, 2013. (See Bky. No. 13-15986, Doc. # 24).

On July 31, 2014, the Debtor filed a document titled "**NOTICE OF DISCHARGE OF DEBT & NON-ENFORCEABLE LIABILITY**." The filing was docketed as a complaint ("the Complaint"), thereby initiating an adversary proceeding. The Defendants were listed as follows:

> [CHERRY HILL MUNICIPAL COURT, LAUREL SPRINGS
> *MUNICIPAL COURT/PENN CREDIT, CAMDEN CITY*
> *MUNICIPAL COURT/PROFESSIONAL ACCOUNT MANAGEMENT LLC)*

As illustrated by its opening paragraph, the Complaint may be characterized as an almost incomprehensible stream of consciousness:

---

[1] The chapter 7 Trustee filed a report of no distribution on September 11, 2013. (See Bky. No. 13-15986, Docket Entry dated Sept. 11, 2013).

> In August of 2013 DARRIS COOK DEBTOR filed bankruptcy to discharged debtor presumably owed to municipal political subdivisions of the state of new jersey. These debts owed are non-corpus delecti infractions charged to the debtor plaintiff. Neither defendant has sustained any injury that gave rise to their initial complaint, thus there is no personal liability on the part of the debtor plaintiff which is owed. It is the debtor paintiffs [sic] position that abuse of process to place by the defendants to use a private citizen's ignorance of the law against him. The debt allegedly owed to the defendants was created by forced agreement encouraged by the debtor plaintiffs then ignorance of the law. It is a fact that there is no law created by the legislative branch of state and federal government that gives political subdivisions the right to force a private citizen into an agreement to pay a fictitious obligation (An Infraction is not a crime, it is just a charge). On the contrary, there is law passed by the legislator that makes all agreement void UCC 3-305 (a) (iv)discharge of the obligor in insolvency proceedings.

(Complaint).

That said, the Complaint does go on to reference the 2013 discharge granted in the Debtor's bankruptcy case and requests that the court enter a "satisfaction" of three (3) debts, including a debt of $500.00 that appears to correspond to the debt to The City the Debtor listed in Schedule F.[2] While this additional allegation does not explain why the Debtor named the Camden Municipal Court, rather than the City as a defendant, it is reasonable to infer that the Debtor named the Camden Municipal Court as the defendant because the City has taken action in that court to enforce its pre-bankruptcy claim against him. Reading the Complaint liberally in light of the Debtor's pro se status, see Erickson v. Pardus, 551 U.S. 89, 94 (2007); In re JRA 222,

---

[2]    Even the request for relief includes incomprehensible verbiage:

> All debts are obligations of the United States enclosed herein is a copy of the United States Certificate of Satisfaction official form 18 with schedules signed by authorized officer of the United States Honorable Judge Eric L. Frank to off-set/leveraged/discharged account SC2008021736 ET AL, S20091191 ET AL, S200941 ET AL with the full faith and credit of the United States.

(Compl).

Inc., 365 B.R. 508, 514 (Bankr. E.D. Pa. 2007), I interpret the Debtor's Complaint as seeking contempt remedies against the City (rather than the Camden Municipal Court) for asserted violations of the 11 U.S.C. §524 discharge injunction.[3]

---

[3] It is questionable whether §524 includes an implied private right of action for violation of a bankruptcy court's discharge injunction. E.g., In re Brown, 481 B.R. 351, 357 (Bankr. W.D. Pa. 2012); (pointing out that "[u]nlike a violation of the automatic stay for which a remedy is provided under §362(k)(1), §524 does not explicitly set forth a substantive right to remedy a discharge injunction violation"); accord Church v. Accretive Health, Inc., 2014 WL 7184340 (Bankr. S.D. Ala. Dec, 16, 2014); see generally In re Joubert, 411 F.3d 452, 457 (3d Cir. 2005) (11 U.S.C. §105(a) does not afford debtors a private cause of action to remedy alleged violations of 11 U.S.C. §506(b)). Cf. In re Padilla, 389 B.R. 409, 423-33 (Bankr. E.D. Pa. 2008) (distinguishing Joubert and holding that bankruptcy courts may grant relief under 11 U.S.C. §105(a) to remedy a violation of and enforce the terms of 11 U.S.C. §1327(a)).

I need not decide the issue because the City did not raise it and the Debtor's claim is being dismissed on other grounds. I observe, however, that even in the absence of a private right of action under §524 (directly or through 11 U.S.C. §105(a)), a debtor is not without remedy for a violation of the discharge order. It is indisputable that the discharge injunction is enforceable through a contempt motion. E.g., In re Zine, 521 B.R. 31, 38 (Bankr. D. Mass. 2014). Indeed, some courts have held that the sole remedy for enforcing an alleged violation of the discharge order is by a motion for contempt. See Barrientos v. Wells Fargo Bank, N.A., 633 F.3d 1186, 1190 (9th Cir. 2011); Cox v. Zale Delaware, Inc., 239 F.3d 910, 917 (7th Cir. 2001).

Sanctions for civil contempt may be granted when three (3) elements have been established: (1) a valid order has been entered; (2) the person to be charged with contempt has actual knowledge of the order; and (3) the person has disobeyed the order. In re Foltz, 324 B.R. 250, 253 (Bankr. M.D. Pa. 2005). Translated into the bankruptcy context for a claim of contempt for violation of the bankruptcy discharge injunction, the debtor must show that (1) a discharge order has been entered (discharging the debt); (2) the defendant was aware of the discharge order; and (3) collection efforts continued nevertheless. See In re Englert, 495 B.R. 266, 271 (Bankr. W.D. Pa. 2013).

So long as a debtor is seeking remedies that are permitted in contempt proceedings, and outside of the class action context, I consider the judicial debate between adversary proceedings and motions to be largely academic. If a debtor files a complaint and summons to initiate a judicial proceeding to remedy an asserted violation of the discharge injunction, rather than a document labeled as a "motion for contempt," a defendant should not be heard to complain. The adversary proceeding is more formal and provides the defendant with more process and procedural safeguards than a "mere" motion. Partly for this reason, I have liberally construed the Debtor's pro se Complaint in this adversary proceeding as the functional equivalent of a motion requesting that the City be held in contempt for violation of the discharge order.

The City, too, treated the Complaint as an action against it and, on September 5, 2014, filed the Motion under Fed. R. Civ. P. 12(b)(6) (incorporated in this adversary proceeding by Fed. R. Bankr. P. 7012).[4] (See Adv. No. 14-0345, Doc. # 4). In the Motion, The City asserted that the subject debt is a "fine" that was excepted from the Debtor's discharge by 11 U.S.C. §523(a)(7) and attached certain evidentiary matter to the Motion in support of that contention.

Upon review of the Motion, and by order dated November 12, 2014, I determined that the Motion would be treated as a Rule 56 summary judgment motion and granted the Debtor until December 3, 2014 to submit evidentiary matter in response to the Motion. See Fed. R. Civ. P. 12(d) (incorporated in this adversary proceeding by Fed. R. Bankr. P. 7012).[5] The Debtor did not submit any additional evidence prior to the December 3, 2014 deadline.

Both the Debtor and The City have filed memoranda in support of their respective positions and the Motion is ripe for decision.

---

[4]   No other Defendant has appeared in the adversary proceeding. Cherry Hill Township has yet to file a response and Laurel Springs Township's answers were stricken for failure to comply with the electronic filing requirements of the standing orders of this court. (See Doc. #s 14, 37 & 38). On February 25, 2015, the Debtor filed separate Requests for Entry of Default against Laurel Springs Municipal Court and Cherry Hill Municipal Court. Those requests will be scheduled for a hearing and considered in the near future. This Memorandum addresses only the Debtor's claim against the City.

[5]   There is a citation error in the Order dated November 12, 2014. In Paragraphs "J" and "K" the appropriate language should state the operative rule is Fed. R. Civ. P. 12(d), as incorporated by Fed. R. Bankr. P. 7012, not Fed. R. Civ. P. 56(d). Rule 12(d) provides:

> If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

## III.  LEGAL STANDARD FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56(a), summary judgment must be granted to a moving party when, drawing all reasonable inferences in favor of the nonmoving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  E.g., Tri-M Group, LLC v. Sharp, 638 F.3d 406, 415 (3d Cir. 2011); In re Bath, 442 B.R. 377, 387 (Bankr. E.D. Pa. 2010).  Summary judgment is appropriate if there are no disputed issues of material fact and the undisputed facts would require a directed verdict in favor of the movant.  See Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993).

On a motion for summary judgment, the court's role is not to weigh the evidence, but to determine whether there is a disputed, material fact for resolution at trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).  A genuine issue of material fact is one in which sufficient evidence exists that would permit a reasonable fact finder to return a verdict for the non-moving party.  Id. at 248.

A party's burden of proof plays an essential role in determining the merits of a summary judgment motion.  In this adversary proceeding, in which the Debtor seeks injunctive relief, the Debtor bears the burden of proof.  As the party without the burden of proof at trial, in order to obtain summary judgment, The City must establish either: (1) the undisputed facts negate an element of the Plaintiff's claim or (2) that the Plaintiff lacks evidence to support an essential element of his claim.  In re Polichuk, 506 B.R. 405, 422 (Bankr. E.D. Pa. 2014) (citing Orson, Inc. v. Miramax Film Corp., 79 F.3d 1358, 1366 (3d Cir. 1996) and Quaker State Minit-Lube, Inc. v. Fireman's Fund Ins. Co., 868 F. Supp. 1278, 1287 n.5 (D. Utah 1994)).

As explained below, the City has met its burden under the first alternative.  It has

established that the Debtor cannot prove an element of his claim – that the subject debt was discharged and encompassed by the discharge injunction. See n.3, supra.

### IV.  DISCUSSION

#### A.

Construing the Complaint liberally, the Debtor alleges that the City's conduct violated the discharge injunction set forth in 11 U.S.C. §524(a)(2). Section 524(a)(2) states in relevant part:

> (a)  A discharge in a case under this title—
>
> . . .
>
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived

The purpose of the statutory injunction "is to give complete effect to the discharge and to eliminate any doubt concerning the effect of the discharge as a total prohibition on debt collection efforts." In re Armstead, 1997 WL 860677, at *3 (Bankr.E.D. Pa. Nov. 7, 1997) (quoting H.R.Rep. No. 595, 95th Cong., 1st Sess. 365–66 (1977)); accord In re Cordero, 2012 WL 5457218, at *5 (Bankr. D.P.R. Oct. 23, 2012).

The §524(a) injunction is not absolute, however. In a chapter 7 case, it applies only to "any debt that is discharged under section 727" of the Bankruptcy Code. 11 U.S.C. §523(a) states that a discharge under §727 is subject to certain exceptions. "The various exceptions to discharge in §523(a) reflect a conclusion on the part of Congress 'that the creditors' interest in recovering full payment of debts in these categories outweigh[s] the debtors' interest in a

complete fresh start.'" Cohen v. de la Cruz, 523 U.S. 213, 222 (1998) (quoting Grogan v. Garner, 498 U.S. 279, 285 (1991)). Certain discharge exceptions may be determined only by the bankruptcy court. Other discharge exceptions, including the §523(a)(7) exception, may be determined either by the bankruptcy court or by another court of competent jurisdiction after the closure of the bankruptcy case. See 4 Collier on Bankruptcy ¶ 523.03 (Alan N. Resnick, Henry J. Sommer eds., 16th ed. 2009).

The City asserts that its claim against the Debtor was not subject to his §727 discharge and invokes §523(a)(7) in support of this position.

Section 523(a)(7) excepts from discharge any debt

> to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss, other than a tax penalty—
>
> (A) relating to a tax of a kind not specified in paragraph (1) of this subsection; or
>
> (B) imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition.

11 U.S.C. §523(a)(7).

Putting aside the tax penalty exception, which is not applicable in this adversary proceeding, there are three (3) main elements to this discharge exception: that the debt be: (1) a fine, penalty, or forfeiture; (2) payable to and for the benefit of a governmental unit and (3) is not compensation for actual pecuniary loss, other than a tax penalty. In re Gi Nam, 273 F.3d 281, 285 (3d Cir. 2001). All three (3) requirements must be met to render the debt nondischargeable. Id.

**B.**

The City offered the Certification of Palmira White, Camden Municipal Court Administrator, as evidence that the debt meets all requirements under section 523(a)(7). Ms. White stated that the debt originated as a $688.64 fine imposed by the Camden Municipal Court after finding the Debtor guilty of "Improper Behavior" on March 6, 2008 under Camden Municipal Code §395-8. Section 395-8 provides:

> No person shall, by noisy or disorderly conduct, disturb or interfere with the quiet or good order of any place of assembly, public or private, including, but not limited to, any school, house of worship, library or reading room.

City of Camden Municipal Code § 395-8 (available at http://www.ecode360.com/8508739).

This evidence makes out a prima facie case that the debt is penal in nature, rather than compensation for an actual pecuniary loss. See In re Thompson, 418 F.3d 362, 364-67 (3d Cir. 2005) (noting that principles of federalism require a broad construction of §523(a)(7) to avoid invalidating state and local court decisions by allowing discharge of the debts they impose).

According to Exhibit B attached to Ms. White's certification, $125.00 has been paid already toward the fines, thus making the outstanding balance $563.64.

**C.**

The Debtor did not provide any countervailing evidence. Rather, the Debtor offered two (2) arguments.

First, the Debtor argues that the debt is dischargeable because it is uncollectible under Generally Accepted Accounting Principles ("GAAP") and regulations of the Internal Revenue Service.

These arguments are frivolous. There is no authority for the proposition that a dischargeability provision of the Bankruptcy Code – specifically, a Code provision excepting a debt from discharge – is diluted or negated by either accounting principles or the Internal Revenue Code. Thus, even if the subject debt is unenforceable under nonbankruptcy law, that would not make out a violation of the Debtor's discharge order. It would simply be a defense to collection of the debt.

Second, the Debtor makes an equitable argument – that in fairness, the debt should be discharged because the local governments can better absorb such losses and write off bad debts while the Debtor, who is unable to be gainfully employed due to the loss of his driver's license, has no remedy and will continue to suffer, contrary to the policy of the Bankruptcy Code. The Debtor suggests that there is no prejudice to The City if the debt is deemed discharged. However, Congress has already weighed the competing interests involved and, by enacting §523(a)(7), determined that debts owed to governmental units resulting from non-pecuniary fines should survive discharge. The Debtor's argument is foreclosed by Congress' decision. This court has no authority to decline to apply the statutory mandate based on general equitable considerations. See In re Combustion Eng'g, Inc., 391 F.3d 190, 236 (3d Cir. 2004) ("The general grant of equitable power contained in § 105(a) cannot trump specific provisions of the Bankruptcy Code, and must be exercised within the parameters of the Code itself") (citing Norwest Bank Worthington v. Ahlers, 485 U.S. 197, 206 (1988)); accord Disch v. Rasmussen, 417 F.3d 769, 777 (7th Cir. 2005) ("a judge does not have 'free-floating discretion to redistribute rights in accordance with his personal views of justice and fairness, however enlightened those

views may be.'" (quoting Matter of Chicago, Milwaukee, St. Paul & Pac. R.R. Co., 791 F.2d 524, 528 (7th Cir. 1986))).

**D.**

Based on the discussion above, I find that the City has established its entitlement to summary judgment. All three (3) requirements of §523(a)(7) are present, thus it has proven that the subject debt was excepted from the Debtor's chapter 7 discharge. It follows that the Debtor cannot prove an element of his contempt claim. Accordingly, continued collection efforts on that debt did not and do not violate the discharge order.

An Order granting the Motion will be entered.

**Date: March 17, 2015**

                                          **ERIC L. FRANK**
                                          **CHIEF U.S. BANKRUPTCY JUDGE**

cc:    Darris T. Cook
        1422 Belleview Avenue
        Camden, NJ 08103